MORRIS v. PARSONS et al. (No. 1682.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 23, 1916.)

1. TRIAL ⊜➡140(2)—DIRECTION OF VERDICT—TESTIMONY OF PARTY.
    In trespass to try title, it was error for the court to direct a verdict for plaintiffs based on the testimony of one of them that her ancestors had a deed to the land from the original patentee, which deed had been lost, since the court had no right to compel the jury, who are the sole judges of the credibility of the witnesses, to accept as true the testimony of an interested party.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 335; Dec. Dig. ⊜➡140(2).]

2. ADVERSE POSSESSION ⊜➡115(1)—QUESTION FOR JURY.
    In trespass to try title, evidence held sufficient to require the question of defendant's right to the property under the five-year statute of limitations to be submitted to the jury.
    [Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 691, 701; Dec. Dig. ⊜➡ 115(1).]

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Trespass to try title by Mrs. Irene Parsons and others against S. J. Morris. Judgment for the plaintiff for part of the land in controversy and defendant appeals. Reversed and remanded.

O. B. Pirkey, of New Boston, and J. S. Crumpton, of Texarkana, for appellant. Mahaffey, Thomas & Hughes, of Texarkana, for appellees.

HODGES, J. The appellees instituted this suit against the appellant in the form of an action of trespass to try title, seeking to recover 60 acres of land, a part of the Hawkins survey, situated in Bowie county. The appellant pleaded as a defense the general issue and the different statutes of limitation applicable to such suits. At the conclusion of the testimony the trial court instructed the jury to return a verdict in favor of the defendant for 55 acres of the land, and for the plaintiffs for 5 acres. The appellant not only complains of the action of the court in giving that charge, but also in refusing to instruct peremptorily in his favor. The appellees have filed no brief in this case, and we take it that the statement set out in the appellant's brief is correct.

[1] It devolved upon the plaintiffs in the suit, as in every action of this character, where common source is not relied upon, to deraign title from the sovereignty of the soil. The evidence here relied upon to establish title in the appellees was a patent from the state to Hawkins, the original grantee, and the oral testimony of Mrs. Parsons, one of the appellees. She testified that her ancestors once had a deed from the heirs of the original grantee; that this deed included the land in controversy. She was unable, however, to detail, on cross-examination, any of the lines or corners. She also testified that the deed referred to had been lost or destroyed. In this state of the evidence it was not proper for the court to assume as a matter of law that Mrs. Parsons, an interested party, had testified correctly and truthfully concerning those facts. The jury in all such cases are the judges of the credibility of the witnesses; and where the witness is an interested party and testifies in the presence of the jury, the court has no right to compel the jury to accept as true what the witness says. We think, therefore, for that reason the court erred in giving the peremptory instruction to find in favor of the appellees for the 5 acres of land.

[2] According to the testimony of the appellant and the deeds offered in evidence by him, he had purchased a tract of land some time in 1901 from M. D. Tilson and Davis & Davis, which included the land in controversy. He offered in evidence a deed from M. D. Tilson conveying an undivided one-half interest in the land. He also offered in evidence two other deeds—one from each of the Davises—in which one conveys a nine-tenths interest in an undivided half of the land, and the other a one-tenth interest in an undivided half. The appellant testified that he had used and occupied the land and had paid taxes thereon under a claim of ownership for more than five years before the institution of this suit. It appears to us that these deeds, if followed by the other statutory requirements, constituted a sufficient basis for the five-year statute of limitation, and the court erred in not so holding. The issue of adverse possession, or limitation under the five-year statute, should at least have been submitted to the jury.

For the error indicated, the judgment of the district court is reversed, and the cause remanded.

---

⊜➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
190 S.W.—16